UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CARLA BERGLUND,
on behalf of herself and
all others similarly situated,

        Plaintiff,

  v.

Case No. 21-cv-108-pp

MATTHEWS SENIOR HOUSING LLC,
and CUDAHY PLACE SENIOR LIVING CENTER,

        Defendants.

---

**ORDER APPROVING STIPULATION FOR PARTIAL DISMISSAL (DKT. NO. 23), AND APPROVING STIPULATION FOR CONDITIONAL CERTIFICATION AND AUTHORIZATION OF NOTICE TO SIMILARLY SITUATED PERSONS PURSUANT TO 29 U.S.C. §216(B) (DKT. NO. 24)**

---

     The plaintiff filed a complaint, on behalf of herself and all others similarly situated, alleging violations of the Fair Labor Standards Act (FLSA), 28 U.S.C. §201 *et seq.*, and Wisconsin's Wage Payment and Collections Laws, Wis. Stat. §109.01 *et seq.*, Wis. Stat. §104.01 *et seq.*, Wis. Stat. §103.001 *et seq.*, Wis. Admin Code DWD §274.01 *et seq.* and Wis. Admin Code DWD §272.001 *et seq.* According to the plaintiff, the defendants failed to compensate her and all other current and former hourly-paid, non-exempt employees for all hours worked by rounding the timeclock to the defendants' advantage and by failing to include all forms of non-discretionary compensation in the regular rates of pay for overtime calculation and compensation. The parties have filed a stipulated motion to dismiss the plaintiff's first, third and fifth claims for relief. Dkt. No.

1

23. In addition, they have stipulated to conditional certification and authorization of notice to similarly situated persons under FLSA. Dkt. No. 24. The court has reviewed both stipulations and the proposed notice and finds them to be fair and reasonable.

The court **GRANTS** the parties' stipulated motion for partial dismissal. Dkt. No. 23.

The court **ORDERS** the plaintiff's first, third and fifth claims are dismissed from the complaint. The plaintiff shall file an amended complaint with the remaining counts by the end of the day on January 12, 2022.

The court **GRANTS** the parties' stipulated motion for conditional certification and authorization of notice to similarly situated persons pursuant to 29 U.S.C. §216(B). Dkt. No. 24.

The court **GRANTS** conditional certification under 29 U.S.C. §216(b) of the following collective class:

> All current and former non-exempt, hourly-paid employees of Defendants who, between January 26, 2018 and the present, received hazard pay, bonuses, incentives and/or other forms of monetary compensation in addition to their usual or customary hourly rates of pay and who worked in excess forty (40) hours during the period to which such additional monetary compensation applied.

The court **APPROVES** the notice, attached as dkt. no. 24-1, and finds that it constitutes valid, due and sufficient notice to putative collective members in full compliance with the requirements of applicable law.

The court **ORDERS** that the defendants shall provide to plaintiff's counsel the names and last known addresses of all putative collective members

(the putative collective list) within fourteen (14) calendar days of the court's order.

The court **ORDERS** that the plaintiff shall mail the approved notice to all putative collective members within seven calendar days after receipt of that putative collective list from the defendants.

The court **ORDERS** that, to be considered timely, a putative collective member's "Consent to Join Form" must be postmarked within forty-five days of the notice's mailing.

Dated in Milwaukee, Wisconsin this 29th day of December, 2021.

BY THE COURT:

_____
**HON. PAMELA PEPPER
Chief United States District Judge**
