UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

------

CARLA BERGLUND,
on behalf of herself and
all others similarly situated,

        Plaintiff,

  v.

MATTHEWS SENIOR HOUSING LLC
and CUDAHY PLACE SENIOR LIVING CENTER,

        Defendants.

Case No. 21-cv-108-pp

------

**ORDER GRANTING JOINT MOTION FOR PRELIMINARY APPROVAL OF COLLECTIVE AND CLASS ACTION SETTLEMENT (DKT. NO. 68)**

------

      On January 26, 202, the plaintiff filed this collective and class action against Matthews Senior Housing LLC and Cudahy Place Senior Living LLC. Dkt. No. 1. The plaintiff worked as a Med Tech and Caregiver at Cudahy Place's location in Cudahy, Wisconsin. Id. at ¶14. She brought two claims under the Fair Labor Standards Act (FLSA) and three claims under Wisconsin's Wage Payment and Collection laws. Id. at ¶¶95-148. The parties stipulated to the dismissal of the first, third and fifth claims, but filed a joint motion for certification of the collective class under 29 U.S.C. §216(b). Dkt. No. 26 at 2. The court granted the motion and, six months later, the parties filed a stipulated motion to stay proceedings while they discussed a potential resolution of the case. Dkt. No. 48. The court administratively closed the case pending the filing of dismissal documents. Dkt. No. 49.

1

Over the course of the next year, the parties filed status reports (Dkt. Nos. 54, 56, 59, 65) and eventually filed a stipulation to certify a collective and class action, dkt. no. 67, and joint motion for preliminary approval of the collective and class action settlement, dkt. no. 68. They also filed their settlement agreement and release. Dkt. No. 68-1. The parties have agreed to a gross settlement amount not to exceed $48,827.29 (inclusive of the proposed payments to settlement members), a $1,500 service award and attorneys' fees and costs in the amount of $40,811.17. Id.

The court has reviewed the motion and supporting documents and will grant the motion for preliminary approval of the collective and class action settlement.

## I. Joint Motion For Preliminary Approval of the Collective (Dkt. No. 68)

The FLSA permits collective action "against any employer . . . by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. §216(b). "A collective action under § 216(b) differs from a class action under Federal Rule of Civil Procedure 23 in that Rule 23 binds class members unless they opt out, whereas collective action members are bound under § 216(b) only if they opt into the action by providing their written consent." Franks v. MKM Oil, Inc., No. 10-CV-00013, 2012 WL 3903782, at *9 (N.D. Ill. Sept. 7, 2012) (citing Ervin v. OS Rest. Servs., Inc., 632 F.3d 971, 976 (7th Cir. 2011)).

Previously, the court conditionally certified the following collective under 29 U.S.C. §216(b):

> All current and former non-exempt, hourly-paid employees of Defendants who, between January 26, 2018 and the present, received hazard pay, bonuses, incentives and/or other forms of monetary compensation in addition to their usual or customary

2

> hourly rates of pay and who worked in excess forty (40) hours during the period to which such additional monetary compensation applied.

Dkt. No. 26 at 2. The plaintiff issued notice to 207 individuals of the conditionally certified collective and thirty-two individuals consented to joining the litigation (including the representative plaintiff). Dkt. Nos. 32-46.

For settlement purposes, the parties have agreed to certify the following FLSA collective:

> All current and former non-exempt, hourly-paid employees of Defendants who, between January 26, 2019, and December 29, 2021, received hazard pay, bonuses, incentives and/or other forms of monetary compensation in addition to their usual or customary hourly rates of pay and who worked in excess of forty (40) hours during the period to which such additional monetary compensation applied, and who previously filed a Consent to Join Form with the Court, as identified in Exhibit B to the parties' Settlement Agreement.

Dkt. No. 68-1 at 1-2.

The parties indicate that they have conferred in good faith and agreed that the court should certify the collective action under the FLSA. The joint motion meets the requisite "modest showing" to demonstrate that the plaintiff and proposed collective members are victims of a common policy or plan that violated the law. See Brabazon v. Aurora Health Care, Inc., No. 10-CV-714, 2011 WL 1131097, at *2 (E.D. Wis. Mar. 28, 2011).

## II. Joint Motion For Preliminary Approval of Class Action Settlement (Dkt. No. 68)

### A. Legal Standard

The joint motion for preliminary approval of the class requires an additional analysis. Federal Rule of Civil Procedure 23(e) states that the claims of a class proposed to be certified for purposes of settlement may be settled only with the court's approval. The court may approve a proposed settlement if

3

the court determines it is fair, reasonable and adequate. Kaufman v. Am. Express Travel Related Servs. Co., Inc., 877 F.3d 276, 283 (7th Cir. 2017). Making such a determination addresses the concern "for the unnamed class members whose interests the named plaintiffs represent and the settlement is meant to serve." In re Subway Footlong Sandwich Mktg. & Sales Pracs. Litig., 869 F.3d 551, 556 (7th Cir. 2017). It further checks the "tendency of class settlements to yield benefits for stakeholders other than the class." Id.

Under Rule 23(e)(1), the parties must provide the court with sufficient information for the court to determine whether to give notice of the proposed settlement to the class. Fed. R. Civ. P. 23(e)(1)(A). The court then determines whether it likely will be able to approve the proposal under Rule 23(e)(2) and certify the class for purposes of judgment on the proposal. Fed. R. Civ. P. 23(e)(1)(B).

If the court finds that it likely will approve the settlement and certify the class, the court must then direct the parties to provide notice. Fed. R. Civ. P. 23(e)(1). For any Rule 23(b)(3) class proposed to be certified for purposes of a settlement under Rule 23(e), "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).

B.  Preliminary Approval of the Class Under Rule 23(e)(1)(B)

Rule 23(e)(1)(B) authorizes notice to all class members bound by a settlement if the parties show that the court would likely be able to certify the class and approve the settlement under Rule 23(e)(2). For settlement purposes, the parties have agreed to certify the following WWPCL class under Rule 23:

> All current and former non-exempt, hourly-paid employees of Defendants who, between January 26, 2019, and December 29,

4

2021, received hazard pay, bonuses, incentives and/or other forms of monetary compensation in addition to their usual or customary hourly rates of pay and who worked in excess of forty (40) hours during the period to which such additional monetary compensation applied, as identified in Exhibit B to the parties' Settlement Agreement, and who did not affirmatively opt out of the Settlement.

Dkt. No. 68-1 at 2.

    B.    <u>Certifying the Class under Rule 23(a)</u>

The court considers whether it "will likely be able to . . . certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(3)(1)(B)(ii). Rule 23(a) contains four prerequisites for certification of the class: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). If these prerequisites are met, the court must find that at least one of the subsections of Rule 23(b) is satisfied. Rule 23(b)(3) requires a showing: "(1) that the questions of law or fact common to the members of the proposed class predominate over questions affecting only individual class members; and (2) that a class action is superior to other available methods of resolving the controversy." <u>Messner v. Northshore Univ. Health System</u>, 669 F.3d 802, 811 (7th Cir. 2012); Fed. R. Civ. P. 23(b)(3).

        1.    *The Four Prerequisites: Rule 23(a)(1)-(4)*

            a.    Numerosity

The first requirement under Rule 23(a) is that the purported class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "While there is no magic number that applies to every case, a forty–member class is often regarded as sufficient to meet the numerosity requirement."

5

Mulvania v. Sheriff of Rock Island Cty., 850 F.3d 849, 859 (7th Cir. 2017). The parties represent that the WWPCL class is comprised of 178 current and former employees of the defendants and that it would be "administratively untenable to join each individual class member." Dkt. No. 68 at 17. The plaintiff likely satisfies the numerosity requirement.

      b.      Commonality

The second requirement under Rule 23(a) is the need to have "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). The critical point is the "need for common conduct" towards members of the class. Suchanek v. Sturm Foods, Inc., 764 F.3d 750, 756 (7th Cir. 2014). "Where the same conduct or practice by the same defendant gives rise to the same kind of claims from all class members, there is a common question." Id. Here, common questions exist regarding the defendants' compensation practices: whether the additional remuneration received was non-discretionary and whether it was included in the regular rates of pay for overtime calculation and compensation purposes. Dkt. No. 68 at 17. The plaintiff likely satisfies the commonality requirement.

      c.      Typicality

The third requirement under Rule 23(a) is the need to show that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The representative plaintiff's claims appear typical of the other class members in that they possess the same interest and allegedly suffered the same injury because of the same course of conduct.

      d.      Adequacy of Representation

6

The fourth requirement is that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Adequacy of representation includes two parts: "the adequacy of the named plaintiff's counsel, and the adequacy of representation provided in protecting the different, separate, and distinct interest" of the class members. Retired Chicago Police Ass'n v. City of Chi., 7 F.3d 584, 598 (7th Cir. 1993). The law firm of Walcheske & Luzi, LLC has served as class counsel in other cases before this court and is capable of handling the plaintiffs' claims in this case. The representative plaintiff does not appear to have any conflicting interests and has suffered the same alleged injury as other class members. Representation certainly appears to be adequate to date.

### 2. *Rule 23(b)(2)*

In addition to meeting class certification requirements under Rule 23(a), the proposed class must satisfy the requirements of one of the three subsections of Rule 23(b). The plaintiff seeks to satisfy Rule 23(b)(3), which requires that common questions of law or fact predominate and that the class action is superior to other available methods. Fed. R. Civ. P. 23(b)(3). The relevant findings include: (1) the class members' interests in individually controlling the prosecution or defense of separate actions; (2) the extent and nature of any litigation concerning the controversy already begun by or against class members; (3) the desirability or undesirability of concentrating the litigation of the claims in the forum; and (4) the likely difficulties in managing a class action. Fed. R. Civ. P. 23(b)(3)(A)-(D).

#### a. Predominance

The predominance inquiry "asks whether the common, aggregation-enabling, issues in the case are more prevalent or important than the non-

7

Case 2:21-cv-00108-PP   Filed 10/17/23   Page 7 of 13   Document 70

common, aggregation-defeating, individual issues." Tyson Foods, Inc. v. Bouaphakeo, 577 U.S. 442, 453 (2016)). Common issues predominate in this case because it involves a dispute regarding compensation policies and practices that were uniformly applied to the class members.

    b.  Superiority

While the challenged policies allegedly harmed each member of the class, the potential for monetary recovery is small. The amount of time and money spent pursuing those claims individually likely would be prohibitive for the respective class members. It makes sense to centralize the claims in one action in this district. A class action appears to be superior to alternatives that would require the class members to pursue their claims individually.

Because the parties have shown that certification is likely appropriate under Fed. R. Civ. P. 23(a) and (b)(3), the court finds that this case should be preliminarily certified as a class action for the purposes of settlement.

    3.  *Preliminary Approval of the Settlement*

Rule 23(3)(1)(B) additionally requires a showing that the court likely will be able to approve the proposal under Rule 23(e)(2). The rule provides a list of core concerns; the first two are procedural and the last two are substantive. Fed. R. Civ. P. 23 advisory committee's note (2018 amendments). For example, procedurally the court must consider whether the class representatives and class counsel have adequately represented the class and whether the proposal was negotiated at arm's length. Fed. R. Civ. P. 23(e)(2)(A), (B). Substantively, the court considers whether relief is adequate by considering such factors as the costs, risks and delay of trial, the effectiveness of the any proposed method of distributing relief, and the terms of the proposed award of attorney's fees.

8

Fed. R. Civ. P. 23(a)(2)(C). The court also considers whether the proposal treats class members equitably relative to each other. Fed. R. Civ. P. 23(e)(2)(D).

### a. Adequate Representation

The parties represent that a real dispute existed as to liability, and, if proven, the plaintiff's ability to prove willfulness and her ability to defend against the defendants' affirmative defenses. Dkt. No. 68 at 12. The plaintiff's attorney conducted informal discovery, reviewed the data for the individuals who opted into the collective, completed an analysis and made an offer of settlement after determining the amounts owed each collective member and member of the WWPCL class. Id. The court is satisfied that the plaintiff likely is able to demonstrate that the class representative and class counsel adequately represented the class.

### b. Negotiated at Arm's Length

The parties represent that they negotiated at arm's length to reach an agreement in principle and devoted their time to reaching the terms of the settlement agreement. Dkt. No. 68 at 6.

### c. Relief Provided

The parties structured the settlement payments to make sure each member of the class would be allocated the average amounts they could reasonably expected to be owed. There was a real risk that the members would recover nothing or receive less than what they will receive under the agreement because bringing separate actions would be cost prohibitive. The agreement calls for the parties to act quickly. Within fourteen days of the settlement effective date, defendants will deliver individual settlement checks for each class member to the plaintiff's attorney for distribution. Dkt. No. 68-1 a ¶2.3. Checks are void 120 days after issuance. Id.

d. Treats Class Members Equitably

Each of the 178 class members will receive a check in the amount of $19.08, which the parties say is representative of reasonably approximated overtime wages actually owed between January 26, 2019 and December 28, 2021. Dkt. No. 68-1 at ¶3.1(C)(1). In addition, each of the thirty-two collective members who opted in will receive a check in the amount listed in the "FLSA Amount" column of Exhibit B of the settlement agreement. Id. at ¶3.1(C)(2); p. 22. According to the parties, these are the amounts allegedly owed, as calculated and with liquidated damages, for the period between January 26, 2018 and December 29, 2021. Id.

D. *Notice*

The court has reviewed the proposed notice and finds it the best option practicable for all members consistent with the dictates of Fed. R. Civ. P. 23(c)(2)(B). Dkt. No. 68-1. The notice explains the failure to "include all non-discretionary compensation, such as monetary bonuses and incentives, into hourly employees' regular rates for overtime calculation and compensation purposes." Id. at 17. The notice defines the class, explains the total amount available for distribution to collective and class members, explains the options and the estimated recovery, sets forth the deadlines and explains how to request exclusion or object and acknowledges the requested service award and attorneys' fees and costs.

The parties will mail—and email (when possible)—notice to each putative class member, providing two forms of notice where practicable. Dkt. No. 68 at ¶2.2(B)2. The plaintiff's counsel will take reasonable steps to locate updated addresses and the defendants have agreed to assist by providing phone numbers on file. Id. at ¶2.2(B)3.

10

## II. Conclusion

The court **FINDS**, on a preliminary basis, that the settlement appears to be fair, reasonable and an adequate resolution of a *bona fide* dispute under the Fair Labor Standards Act of 1938, as amended ("FLSA"), and Wisconsin's Wage Payment and Collections Laws ("WWPCL").

The court **GRANTS** the parties' joint motion for preliminary approval and preliminarily approves the settlement agreement pending a fairness hearing. Dkt. No. 68.

The court **PRELIMINARILY CERTIFIES** a collective action under the FLSA and defined as follows:

> All current and former non-exempt, hourly-paid employees of Defendants who, between January 26, 2019, and December 29, 2021, received hazard pay, bonuses, incentives and/or other forms of monetary compensation in addition to their usual or customary hourly rates of pay and who worked in excess of forty (40) hours during the period to which such additional monetary compensation applied, and who previously filed a Consent to Join Form with the Court, as identified in Exhibit B to the parties' Settlement Agreement.

The court **PRELIMINARILY CERTIFIES** a Rule 23 class as follows:

> All current and former non-exempt, hourly-paid employees of Defendants who, between January 26, 2019, and December 29, 2021, received hazard pay, bonuses, incentives and/or other forms of monetary compensation in addition to their usual or customary hourly rates of pay and who worked in excess of forty (40) hours during the period to which such additional monetary compensation applied, as identified in Exhibit B to the parties' Settlement Agreement, and who did not affirmatively opt out of the Settlement.

The court **APPOINTS** Carla Berglund as the class representative.

The court **APPOINTS** the law firm of Walcheske & Luzi, LLC as class counsel for the certified Fed. R. Civ. P. 23 class.

The court **APPROVES** the proposed Notice of Class and Collective Action Settlement attached to the parties' Settlement Agreement as Exhibit A (the

"Notice"). The court **FINDS** that the proposed Notice constitutes the best notice practicable under the circumstances, including individual notice to all putative Settlement Class members who can be identified with reasonable effort, and constitutes valid, due, and sufficient notice to putative Settlement Class members in full compliance with the requirements of applicable law, including the due process clause of the United States Constitution.

The court **ORDERS** that:

1. Within five days of entry of this order, the defendants must provide the plaintiff's counsel with the class list. Dkt. No. 68-1 at 2.2(B)1.

2. Within fifteen days of entry of this order, the plaintiff's counsel must mail (and email when possible) the court-approved notice to all putative class members via U.S. first-class mail. Id. at 2.2(B)2.

3. Each WWPCL class member who wishes to object to or request exclusion from the settlement agreement must do so within thirty (30) days from the date that notice is mailed or object to or request exclusion from the settlement agreement. The court will not consider objections or requests for exclusions of any WWPCL class member who does not comply with the instructions in the notice. All WWPCL class members who have not properly and timely requested exclusion shall be bound in the event the court issues a final order approving the settlement agreement.

5. The parties must appear for a fairness hearing on **February 21, 2024 at 10:00 AM**, in Courtroom 222 of the U.S. Courthouse and Federal Building, 517 E. Wisconsin Ave., Milwaukee, Wisconsin, 53202, to determine whether to: (i) certify the Settlement Class; (ii) approve the Settlement Agreement as fair, reasonable, and adequate; (iii) approve Class Counsel's attorneys' fees and costs; and (iv) approve Named Plaintiff's Service Award.

The court **ORDERS** that any motions, including but not limited to a motion for approval of attorneys' fees and costs, a motion for approval of named plaintiff's service award, and a joint motion for final settlement approval, shall be filed with the court no later than seven days prior to the fairness hearing.

Dated in Milwaukee, Wisconsin this 17th day of October, 2023.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**