UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CARLA BERGLUND, *on behalf of herself and all others similarly situated*,

        Plaintiffs,

v.

        Case No. 21-cv-108-pp

MATTHEWS SENIOR HOUSING LLC
and CUDAHY PLACE SENIOR LIVING CENTER,

        Defendants.

---

**ORDER GRANTING JOINT MOTION FOR FINAL APPROVAL OF COLLECTIVE AND CLASS ACTION SETTLEMENT (DKT. NO. 71), GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF SERVICE AWARD (DKT. NO. 72), AND GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF ATTORNEY'S FEES AND COSTS (DKT. NO. 73)**

---

      In January 2021, plaintiff Carla Berglund filed a collective and class action against Matthews Senior Housing LLC and Cudahy Place Senior Living LLC. Dkt. No. 1. On December 29, 2021, the court granted the parties' stipulated motion for dismissal of the first, third and fifth claims, allowed the representative plaintiff to file an amended complaint and granted the parties' stipulated motion for conditional certification of the collective class. Dkt. No. 26. Six months later, the court granted the parties' request to stay the proceedings and administratively closed the case while the parties discussed and finalized settlement documents. Dkt. No. 49.

      On September 30, 2022, the plaintiffs notified the court of a settlement, dkt. no. 50, but didn't file their stipulation to certify the collective action and the class action until July 17, 2023, dkt. no. 67. Three months later, the court granted the joint motion for preliminary approval. Dkt. No. 70. The plaintiffs

1

since have filed a joint motion for final approval of the collective and class action settlement, dkt. no. 71, an unopposed motion for approval of the service award, dkt. no. 72, and an unopposed motion for approval of attorneys' fees and costs, dkt. no. 73. The deadline for mailing requests for exclusion from the class and objections to the settlement expired on November 29, 2023 (postmark date). Dkt. No. 71 at 2. Class counsel represents that no requests were received from any putative settlement class members. Id.

**I.     Background**

The representative plaintiff worked as a med tech and caregiver at the Cudahy Place Senior Living Center in Cudahy, Wisconsin. Dkt. No. 1 at ¶14. She filed a joint motion for preliminary approval of the collective and class action settlement, which provided for a gross settlement amount of $46,827.29. Dkt. No. 68 at 1.

The court granted the joint motion and certified the following FLSA collective:

> All current and former non-exempt, hourly-paid employees of Defendants who, between January 26, 2019, and December 29, 2021, received hazard pay, bonuses, incentives and/or other forms of monetary compensation in addition to their usual or customary hourly rates of pay and who worked in excess of forty (40) hours during the period to which such additional monetary compensation applied, and who previously filed a Consent to Join Form with the Court, as identified in Exhibit B to the parties' Settlement Agreement.

Dkt. No. 70 at 3. The court also certified the following Wisconsin Wage and Payment Collection Law (WWPCL) class under Rule 23:

> All current and former non-exempt, hourly-paid employees of Defendants who, between January 26, 2019, and December 29, 2021, received hazard pay, bonuses, incentives and/or other forms of monetary compensation in addition to their usual or customary hourly rates of pay and who worked in excess of forty (40) hours during the period to which such additional monetary compensation

applied, as identified in Exhibit B to the parties' Settlement Agreement, and who did not affirmatively opt out of the Settlement.

Dkt. No. 70 at 4, 5.

## II. Joint Motion for Final Approval (Dkt. No. 71)

Both the collective action and the class settlement require judicial approval. The Rule 23 class action settlement requires the court to hold a hearing and to make a finding that the settlement is fair, reasonable and adequate. Fed. R. Civ. P. 23(e)(2). Under Rule 23, the court considers whether:

> (A) the class representatives and class counsel have adequately represented the class;
>
> (B) the proposal was negotiated at arm's length;
>
> (C) the relief provided for the class is adequate, taking into account:
>
>> (i) the costs, risks, and delay of trial and appeal;
>>
>> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>>
>> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>> (iv) any agreement required to be identified under Rule 23(e)(3); and
>
> (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

Those considerations overlap with the factors articulated by the Seventh Circuit: "(1) the strength of the case for plaintiffs on the merits, balanced against the extent of settlement offer; (2) the complexity, length, and expense of further litigation; (3) the amount of opposition to the settlement; (4) the reaction of members of the class to the settlement; (5) the opinion of competent counsel; and (6) stage of the proceedings and the amount of discovery

3

completed." Wong v. Accretive Health, Inc., 773 F.3d 859, 863 (7th Cir. 2014) (citations omitted); Fed. R. Civ. P. 23(e)(2).

A. Adequacy of Representation—Rule 23(e)(2)(A)

The court previously appointed Carla Berglund to serve as the class representative, and the law firm of Walcheske & Luzi to serve as class counsel. Dkt. No. 32 at 2. The court is not aware of any conflicting interests between Berglund and the other class members. Class counsel has adequately represented the class throughout the litigation. The court is satisfied that class is adequately represented.

B. Arm's Length Negotiations and Non-Collusiveness of Settlement Process—Rule 23(e)(2)(B) and the Seventh Circuit's First Factor

The Seventh Circuit has emphasized that the "most important factor relevant to the fairness of a class action settlement is the strength of plaintiffs' case on the merits balanced against the amount offered in the settlement." Wong, 773 F.3d at 863. The parties represent that the case involves a *bona fide* dispute as to whether the defendants violated the FLSA and WWPCL, including disputes on liabilities and damages. Dkt. No. 71 at 4. In their joint motion for approval of the settlement, the parties did not identify the specific disputes. During the February 21, 2024 fairness hearing, however, the plaintiffs' counsel described several disputed issues, including differentiation between the parent entity and the specific senior living facility where the plaintiff had worked, which forms of compensation were non-discretionary (including hazard pay— an issue of particular relevance at the height of the COVID-19 pandemic), some bonuses that did not fit neatly into categories such as "performance bonuses" and who would be eligible for damages. It appears from the docket that the parties negotiated at least a year before filing their joint motion for preliminary

4

approval of the settlement. Dkt. Nos. 48, 68. The court is satisfied that there was no collusion and that the parties negotiated in good faith.

    C.    <u>Adequacy of the Relief Provided by the Settlement—Rule 23(e)(2)(C) and the Seventh Circuit's Second and Sixth Factors</u>

When considering the adequacy of relief, Rule 23(e)(2) instructs the court to take into consideration the costs, risks and delay of trial and appeal, the effectiveness of the proposed method of distribution, the terms of any proposed award and the agreements made in connection with the settlement. Fed. R. Civ. P. 23(e)(2). Similarly, the Seventh Circuit requires courts to consider the complexity, length and expense of further litigation and the stage of the proceedings and the amount of discovery completed. <u>Wong</u>, 773 F.3d at 863.

    1.    *The Costs, Risks, and Delay of Trial and Appeal—Rule 23(e)(2)(C)(i)*

This case has been pending for three years. The parties engaged in some discovery; further discovery and dispositive motions would have driven up the costs of litigation. Even if some claims had survived summary judgment and the case had proceeded to trial, the losing party could have appealed, causing more delay and increased costs.

    2.    *The Effectiveness of Any Proposed Method of Distributing Relief to the Class, Including the Method of Processing Class-Member Claims—Rule 23(e)(2)(C)(ii)*

Class counsel sent the notice of class and collective action settlement to the settlement class to approximately 209 putative settlement class members through the U.S. mail. Dkt. No. 71 at 2. Counsel followed up with the twenty-seven notices that were returned. <u>Id.</u> To date, seven remain undeliverable. <u>Id.</u>

The settlement agreement provides that within fourteen days of the settlement effective date (thirty days after the court issues the final approval), the defendants will deliver to the plaintiffs' attorney the settlement checks for

5

distribution to the settlement class members. Dkt. No. 68-1 at 8, ¶2.3. The settlement agreement did not include a deadline for the plaintiffs' counsel to distribute the checks to collective and class members, but at the February 21, 2024 fairness hearing, the parties agreed that the plaintiffs' counsel would distribute the checks within ten days of receiving them from the defendants. The checks will expire 120 days after issuance. Id. The parties have made arrangements for settlement class members who report not receiving their check. Id.

        3.     *The Terms of any Proposed Award of Attorneys' Fees, Including Timing of Payment*—Rule 23(e)(2)(C)(ii)

Class counsel has requested fees and costs in the amount of $40,811.17. While this appears disproportionate to the actual monetary value of the settlement fund ($4,516.12), class counsel has submitted a declaration establishing that actual costs and fees will exceed the amount requested, explaining that the parties agreed to this amount and describing the work plaintiffs' counsel performed and the risks they assumed. Dkt. No. 76. At the February 21, 2024 fairness hearing, defense counsel advised the court that the check for the attorneys' fees (and the check for the service award) would be delivered to the plaintiffs' counsel within fourteen days of the issuance of this order.

        4.     *Any Agreement Required To Be Identified Under Rule 23(e)(3)—Rule 23(e)(2)(C)(iv)*

The parties have not identified any agreement other than the agreement itself that must be considered under Rule 23(e)(3).

    D.    <u>Equitable Treatment of Class Members—Rule 23(e)(2)(D)</u>

The thirty-two collective members will receive the actual amounts they are owed, inclusive of liquidated damages, through the portion of the fund

allocated to the collective ($1,119.88). Dkt. Nos. 71 at 5; 68-1 at 9, ¶3.1(C)2. Collective members who were not owed money will be allocated $5 for the release of their claims. Id. With respect to the portion allocated to the WWPCL class ($3,396.24), class members will receive the average amounts owed to the FLSA class members or $19.08. Dkt. Nos. 71 at 5; 68-1 at 9, ¶3.1(C)1. The parties assert that this is representative of reasonably approximated overtime wages actually owed between January 26, 2019 and December 29, 2021. Id. The agreement was structured in a way that no one had to take action to recover money through the settlement and no putative class members opted out. Overall, this factor appears to weigh in favor of approving the settlement.

    E.    The Amount of Opposition to the Settlement—the Seventh Circuit's Third and Fourth Factors

The court is not aware of any opposition to the settlement. No objections were received by class counsel. The court received no objections. At the February 21, 2024 fairness hearing, the parties confirmed that they had received no objections.

    F.    The Opinion of Competent Counsel—The Seventh Circuit's Fifth Factor

Counsel agree that the settlement is fair, reasonable and adequate. Dkt. No. 71 at 5.

    G. Final Approval

Having reviewed the settlement agreement and considered the above factors, the court will grant the joint motion for approval of the settlement.

**III.    Unopposed Motion for Attorney Fees (Dkt. No. 73 )**

Rule 23(h) allows the court to approve fees that are authorized by law or the parties' agreement. The FLSA contains a mandatory fee shifting provision. 29 U.S.C. § 216(b). Wis. Stat. §109.03(6) allows the court to award a prevailing

7

party a reasonable sum for expenses, including attorneys' fees. The Seventh Circuit urges courts to "do their best to award counsel the market price for legal services, in light of the risk of nonpayment and the normal rate of compensation in the market at the time." In re Synthroid Mktg. Litig. ("Synthroid I"), 264 F.3d 712, 718 (7th Cir. 2001).

Courts have the discretion to use either a percentage of the fund or the lodestar method. Florin v. Nationsbank of Ga., N.A., 34 F.3d 560, 566 (7th Cir. 1994). To calculate the lodestar, the court "[m]ultipl[ies] the hours reasonably expended by the reasonable hourly rates." Harman v. Lyphomed, Inc., 945 F.2d 969, 974 (7th Cir. 1991). "A reasonable hourly rate is based on the local market rate for the attorney's services." Montanez v. Simon, 755 F.3d 547, 553 (7th Cir. 2014).

The representative plaintiff agreed to compensate her attorney with the greater of forty percent of the recovery (in addition to litigation-related expenses) or her attorney's actual fees and costs. Dkt. No. 74 at 2. Her attorney has calculated the award via the lodestar method, and represents that he and his partner billed their services at $450 per hour. Id. at 5. His legal assistant billed at $125 per hour. Id. According to counsel, these are the same rates charged to fee-paying clients. Id. The plaintiff filed the declaration of Robert M. Mihelich, which states that the hourly rate of $450 per hour is reasonable and reflects the market rate for class representation. Dkt. No. 75 at ¶¶8, 9. Attorney James Walcheske filed a declaration with citations to Wisconsin district court decisions approving rates of $450 per hour. Id. at ¶12. Attorney Walcheske represents that his firm has spent approximately 96.1 hours litigating this case, which includes the investigation of the claims, drafting pleadings and written discovery, amending the complaint, data analysis, stipulating to

8

certification, administering the notice, and drafting the filings and final approval motions. Id. at 2. As of early February 2024, actual fees totaled $37,005.00 and counsel anticipates that the litigation and administration-related costs will total approximately $5,000. Id. at 6. The firm has agreed to cap reimbursement of costs at $5,000. Id. The plaintiffs' counsel is requesting attorneys' fees and costs in the amount of $40,811.17 as agreed to by the parties in May 2023. Id. at 7. The court will grant the unopposed motion for fees and costs.

### IV. Unopposed Motion for Approval of Service Award (Dkt. No. 72)

The plaintiffs ask for a $1,500 incentive award for representative Carla Berglund. In examining the reasonableness of a requested service award, courts consider "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefited from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation." Cook v. Niedert, 142 F.3d 1004, 1016 (7th Cir. 1998).

The representative plaintiff provided to counsel the information and documents that formed the basis of the complaint, and she continued to provide assistance through the litigation. Dkt. NO. 72 at 2. The requested amount is less than service awards that this court previously has approved. This court has approved service awards of $5,000 in Pintor v. Hypro, Case No. 17-cv-890 (E.D. Wis. 2018), Dkt. No. 52 at 2, and Pintor v. Fall River Group, Case No. 17-cv-865 (E.D. Wis. 2018), Dkt. No. 47 at 2. The court will grant the plaintiffs' motion for approval of a $1,500 award to Ms. Berglund.

9

**V. Conclusion**

The court **GRANTS** the joint motion for final approval of settlement. Dkt. No. 71. The court **FINDS** that the terms are fair, reasonable and adequate as applied to the FLSA collective and the WWPCL class.

The court **CERTIFIES** the class under Rule 23 and **APPROVES** the settlement as fair, reasonable and adequate under Rule 23(e) of the Federal Rules of Civil Procedure.

The court **CERTIFIES** the FLSA collective under 29 U.S.C. §216(b) and **APPROVES** the settlement agreement as a fair and reasonable resolution of a bona fide dispute under FLSA.

The court **APPROVES** the settlement payments to the settlement class and **DECLARES** the agreement binding on the parties.

The court **ORDERS** that the plaintiffs' counsel will distribute checks to the class members within ten (10) days of receiving them from the defendants.

The court **GRANTS** the plaintiffs' unopposed motion for approval of the class representative incentive award. Dkt. No. 72. The court **APPROVES** the requested payment in the amount of $1,500 to Carla Berglund.

The court **GRANTS** the plaintiffs' unopposed motion for approval of attorneys' fees and costs. Dkt. No. 73. The court **APPROVES** the requested attorneys' fees and costs in the amount of $40,811.17.

The court **ORDERS** that the plaintiff's and the settlement class members' released claims are **DISMISSED WITH PREJUDICE**.

**THE COURT ORDERS** that the FLSA claims of all WWPCL class members are **DISMISSED WITHOUT PREJUDICE**.

**THE COURT ORDERS** that this case is **DISMISSED WITH PREJUDICE**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 26th day of February, 2024.

                        **BY THE COURT:**

                        **HON. PAMELA PEPPER**
                        **Chief United States District Judge**